# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1034

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Rasheen Johnson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2005
Filed: June 17, 2005

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Rasheen Johnson challenges the district court's[1] delivery of an *Allen* charge, *see Allen v. United States*, 164 U.S. 492, 501 (1896), during jury deliberations in his trial for unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He also asserts that his sentence of 90 months' imprisonment was imposed in violation of the Sixth Amendment. We conclude that Johnson is not entitled to a new trial or to resentencing, and we affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

# I.

The *Allen* charge draws its name from a Supreme Court decision upholding a district court's instruction to deliberating jurors that although they should not simply acquiesce in a verdict, their duty is to arrive at a verdict if they can conscientiously do so, and they ought to listen to each other's arguments with a disposition to be convinced. *Allen*, 164 U.S. at 501. An *Allen* charge is thus "'a supplemental jury instruction that advises deadlocked jurors to reconsider their positions.'" *United States v. Walrath*, 324 F.3d 966, 970 (8th Cir. 2003) (quoting *United States v. Glauning*, 211 F.3d 1085, 1086 n.2 (8th Cir. 2000)). The particular language with which the district court instructed Johnson's jury was the Eighth Circuit model *Allen* charge, and Johnson does not assert on appeal that any error arises from the district court's choice of wording, which we have approved. *United States v. Thomas*, 946 F.2d 73, 76 (8th Cir. 1991); *see* Judicial Committee on Model Jury Instructions for the Eighth Circuit, *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, § 10.02, at 479 (2002).

Johnson does argue, however, that the district court erred by issuing an *Allen* charge after only a few hours of jury deliberation, and that in the context of this case, the charge had the effect of coercing the jury into returning a guilty verdict. He contends that the court's decision to give the supplemental instruction constitutes a violation of his rights to due process and trial by jury under the Fifth and Sixth Amendments, and requests a remand for a new trial.

Johnson was tried on the felon-in-possession charge in July 2003, but the jury could not reach a verdict. A second trial commenced in October 2003 and lasted just over two days. Following closing arguments, the jury deliberated for slightly over two hours, took a break, and then deliberated for approximately two more hours. At that point, the foreperson sent a note advising the district court that the jury had

reached an impasse, and after hearing from counsel, the district court issued the *Allen* charge.

The jury deliberated for another forty minutes and then took another break. During this break, while in open court, a juror asked the district court typically how long deliberations take, to which the court responded "there is no set time." The juror then asked how long deliberations could last, and the court indicated that the jury could take as much time as it needed. After that break, the jury deliberated for approximately two more hours before reaching a verdict.

In determining the ultimate question whether a particular *Allen* charge is impermissibly coercive, we consider what the record shows concerning the content of the instruction, the length of deliberation after the *Allen* charge, the total length of the deliberations, and any indicia in the record of coercion or pressure on the jury. *E.g.*, *Thomas*, 946 F.2d at 76. Examining these considerations in this case leads us to conclude that the district court committed no error.

As noted, there is no complaint about the content of the instruction in this case. The jury deliberated for approximately 2 ½ hours after the district court administered the *Allen* instruction, a period of time that we have concluded is not indicative of coercive effect. *See Glauning*, 211 F.3d at 1087 (holding that jury's 2 hours of deliberation after *Allen* charge raised no inference of coercion); *Thomas*, 946 F.2d at 76 (same where jury deliberated 1½ to 2 hours after *Allen* instruction); *United States v. Young*, 702 F.2d 133, 136 (8th Cir. 1983) (same with 2 hours of jury deliberation after *Allen* instruction); *United States v. Smith*, 635 F.2d 716, 721 (8th Cir. 1980) (same with 45 minutes of jury deliberation after *Allen* instruction); *United States v. Warfield*, 97 F.3d 1014, 1022 (8th Cir. 1996) (concluding that 1 hour of jury deliberation after *Allen* instruction, "while somewhat expeditious," does not raise an inference of coercion). The total length of deliberations in this case, approximately 6 hours, also fails to demonstrate coercive effect. *See United States v. Johnson*, 114

F.3d 808, 815 (1997) (holding that 6½ hours of deliberation following a 5½-day trial was "a period of time that was clearly not so disproportionate as to raise an inference that the *Allen* charge coerced the jury"); *United States v. Cook*, 663 F.2d 808, 811 (8th Cir. 1981) (holding that a total of 6 to 7 hours of deliberation after a 2-day trial did not indicate coercion); *Smith*, 635 F.2d at 722 (holding that 4 hours of deliberation following a 2-day trial was not so disproportionate as to indicate coercion).

There are no other indicia of coercion or pressure on the jury in this record. To the contrary, the district court explicitly told the jury that there was no set time limit for deliberations and to "take as much time as you need." The court advised the jury to reach a verdict only if each member of the jury could conscientiously do so. We conclude that the *Allen* charge was administered appropriately, and there was no violation of Johnson's constitutional rights.

II.

Johnson's brief also argues that the sentence imposed by the district court violated his Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because the district court, rather than a jury, made findings of fact that resulted in sentencing enhancements. Since then, the Supreme Court has decided *United States v. Booker*, 125 S.Ct. 738 (2005), which held that application of the mandatory guidelines violated the Sixth Amendment in certain instances, and, as a remedy, declared the guidelines effectively advisory in all cases.

Johnson's base offense level was determined according to USSG § 2K2.1(a)(4)(A), which provides that where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," his base offense level for unlawful possession of a firearm is 20. The district court applied this section based on

evidence that Johnson was convicted of first-degree robbery and first-degree attempted robbery in Missouri in 1996. Johnson argues that the court's consideration of the 1996 conviction to establish his base offense level violated the Sixth Amendment because a jury never determined whether he did in fact have a prior robbery conviction. This contention fails, because Johnson admitted the fact of conviction by failing to object to its recitation in the presentence report, *see United States v. Johnson*, 2005 WL 1250323, at *4 (8th Cir. May 27, 2005), and in any event, the Sixth Amendment does not require that the fact of a prior conviction be determined by a jury. *Booker*, 125 S. Ct. at 756; *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005).

Johnson also objects to the determination of his base offense level because even if the district court properly determined that he was convicted of robbery in 1996, a jury was required to determine whether that robbery was a "crime of violence" and a "prior felony conviction" within the meaning of § 2K2.1(a)(4)(A). We reject this contention because once the sentencing court determines that a prior conviction exists, the characterization of that conviction as a crime of violence or prior felony conviction is a legal matter for the court, *United States v. Patterson*, 2005 WL 1123555, at *2 (8th Cir. May 13, 2005), and the court made the correct determinations. *See* USSG § 2K2.1, cmt. (n.1) ("'Crime of violence' has the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."); *id*. § 4B1.2, cmt. (n.1) ("'Crime of violence' includes . . . robbery"); *id*. § 2K2.1, cmt. (n.1) ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year."); Mo. Rev. Stat. §§ 569.020, 558.011 (providing that first degree robbery is a class A felony and punishable by "a sentence not to exceed 30 years, or life imprisonment").

Johnson next contends that the district court violated the Sixth Amendment by applying a two-level enhancement, pursuant to USSG § 2K2.1(b)(4), based on a

finding that the firearm had an obliterated serial number. Johnson lodged no objection to the factual conclusion in the presentence report that "the defendant was in possession of a firearm which had its serial number obliterated," (PSR ¶ 13), so again the district court's reliance on this admission poses no constitutional problem. *Booker*, 125 S. Ct. at 756.

Johnson has not raised a claim of non-constitutional error based on the district court's application of the mandatory sentencing guidelines, and he has not argued that his sentence was unreasonable with regard to 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765-66. We note that the district court sentenced *Johnson* in the middle of the applicable guideline range, after reciting several convictions sustained by Johnson between ages 17 and 20, and remarking that "you just won't quit," "you need to wake up at some point in time," and "you need some time to figure this out." (S. Tr. at 6-7).

The judgment of the district court is affirmed.

_____