# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3722

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Gerald Thomas Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 16, 2007
Filed:  March 26, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Gerald Thomas Williams appeals the 120-month sentence the district court[1] imposed after he pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Williams argues that imposition of a statutory minimum sentence based on an alleged prior conviction violates his Fifth and Sixth Amendment rights as established in United States v. Booker, 543 U.S. 220 (2005).  Citing Blakely v. Washington, 542 U.S. 296 (2004), he also questions the continued viability of

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998) (prior conviction is sentencing factor for court to decide).

We conclude the district court did not err in determining that Williams's prior conviction qualified under 18 U.S.C. § 2252A(b)(2) as abusive sexual conduct involving a minor. See Booker, 543 U.S. at 244 (reaffirming prior-conviction exception to facts that must be admitted by defendant or proved to jury beyond reasonable doubt); United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005) ("we are bound by Almendarez-Torres until the Supreme Court explicitly overrules it"); United States v. Johnson, 411 F.3d 928, 931 (8th Cir.) (Sixth Amendment does not require that fact of prior conviction be determined by jury; once court determines that prior conviction exists, characterization of that conviction is legal matter for court), cert. denied, 126 S. Ct. 505 (2005).

Accordingly, we affirm.

_____