# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3237

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Richard Bradley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 25, 2008
Filed: February 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Richard Bradley appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Finding that Bradley was an armed career criminal (ACC) and that he had possessed the firearm in connection with a crime of violence, the court calculated an offense level of 34, a 3-level reduction for accepting responsibility, a total offense level of 31, a Category VI criminal history, and a Guidelines imprisonment range of 188-235 months in prison. The court then departed

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

upward under U.S.S.G § 4A1.3 for underrepresentation of criminal history, and increased the total offense level from 31 to 33 with a new imprisonment range of 235-293 months. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Bradley to 293 months in prison and 5 years of supervised release.

Bradley's counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. In his pro se supplemental briefs, Bradley asserts that he was never informed of the possibility of a variance or upward departure; that he should not have been sentenced as an ACC; and that the district court abused its discretion when it departed upward based on factors that had already been accounted for, such as criminal history and likelihood of recidivism, and when it failed to consider that the upward departure would result in an unreasonable sentence.

To the extent Bradley claims he was unaware that he might receive the sentence imposed, we note he stated in his plea agreement and at the change-of-plea hearing that he understood his guilty plea subjected him to at least 15 years and up to life in prison, and the district court gave him notice before sentencing that it was considering an upward departure or variance.

We conclude, and Bradley conceded at sentencing, that his prior convictions for armed robbery, attempted armed robbery, robbery, and burglary of a commercial building are violent felonies under 18 U.S.C. § 924(e)(2)(B), and clearly qualified him for ACC status. <u>See</u> <u>United States v. Bell</u>, 445 F.3d 1086, 1090 (8th Cir. 2006) (burglary of commercial buildings is violent felony under § 924(e)); <u>United States v. Sprouse</u>, 394 F.3d 578, 580 (8th Cir. 2005) (definitions of "crime of violence" under U.S.S.G. § 4B1.2 and "violent felony" under § 924(e) are identical; same analysis applies to both determinations); <u>United States v. Johnson</u>, 411 F.3d 928, 931-32 (8th Cir. 2005) (robbery is crime of violence under § 4B1.2 ); <u>United States v. Bacon</u>, 94

F.3d 158, 161 n.2 (4th Cir. 1996) (attempted robbery is crime of violence under § 4B1.2).

We also conclude that the district court did not abuse its discretion in departing upward under section 4A1.3. As the court noted, Bradley's criminal history includes numerous convictions for violent crimes and serious drug offenses; his 28 criminal history points--15 more than the 13 required for a Category VI criminal history--reflect only a portion of his past criminal conduct; and his high risk of recidivism is shown by his lengthy criminal history starting at age 17, his pattern of committing new offenses soon after being released from jail or prison, and his commission of the instant offense while on probation and less than two years after release from prison. See U.S.S.G. § 4A1.3(a)(1), (a)(4)((B); United States v. Miller, 484 F.3d 968, 970-71 (8th Cir. 2007); United States v. Rouillard, 474 F.3d 551, 556 (8th Cir. 2007).

Finally, we conclude that the 293-month prison sentence is not unreasonable. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (standard of review); cf. United States v. Bullion, 466 F.3d 574, 575-77 (7th Cir. 2006) (variance to 264-month prison sentence from Guidelines range of 188-235 months was not unreasonable despite defendant's age and medical condition, in light of his extensive and serious criminal history and his pattern of quickly reoffending upon release from prison).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____