# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3662

_____

United States of America,        *
                                           *

          Appellee,            *    Appeal from the United States
                                             *    District Court for the
       v.                            *    Southern District of Iowa.
                                             *

Jeremy Lynn Foglesong,       *    [UNPUBLISHED]
                                             *

          Appellant.          *

_____

Submitted: November 3, 2008
Filed: December 2, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeremy Foglesong challenges the 51-month prison sentence the district court imposed after he pleaded guilty to being a felon in possession of firearms. On appeal, Foglesong argues that the district court erred in classifying his prior Iowa conviction for operating a vehicle without the owner's consent as a "crime of violence" under U.S.S.G. § 2K2.1.

In reviewing a sentence, we must first ensure that the district court did not commit a significant procedural error, such as improperly calculating the Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). We review de novo the district court's application of the Guidelines. *See United States v. Espinosa*, 539 F.3d

926, 928-29 (8th Cir. 2008) (error in calculating Guidelines range would be procedural error within meaning of *Gall*; reviewing de novo district court's application of Guidelines).

In *United States v. Lindquist*, 421 F.3d 751, 753-55 (8th Cir. 2005), we held that a prior Iowa conviction for operating a vehicle without the owner's consent qualified as a "crime of violence" under section 2K2.1, because of its similarity to the Missouri offense of tampering with an automobile by operation, which this court had previously declared to be a "crime of violence." Since then, however, the Supreme Court issued its decision in *Begay v. United States*, 128 S. Ct. 1581, 1583, 1585-86 (2008) (to be "violent felony" under Armed Career Criminal Act, crime must be "roughly similar, in kind as well as in degree of risk posed," to examples listed in statute; listed crimes all typically involve purposeful, violent, and aggressive conduct). Following *Begay*, we held in *United States v. Williams*, 537 F.3d 969, 970-71, 974-76 (8th Cir. 2008) (rehearing denied), that the Missouri offenses of auto tampering and auto theft without consent were no longer "crimes of violence" for purposes of section 2K2.1. We now likewise hold that the Iowa offense of operating a vehicle without the owner's consent is no longer a "crime of violence" under section 2K2.1.

Accordingly, we vacate Foglesong's sentence, and we remand for resentencing in accordance with this opinion.

_____