# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3227

_____

United States of America,

Appellee,

v.

David Teague,

Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: February 5, 2009
Filed: February 17, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Teague pleaded guilty to being a felon in possession of a firearm. The district court[1] sentenced him as an armed career criminal (ACC) under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 based on several prior violent-felony convictions, including two burglary convictions and one robbery conviction. According to the unobjected-to facts contained in the presentence report (PSR), both of Teague's burglary convictions involved the unlawful entry into a commercial building with intent to commit larceny. On appeal, his counsel has moved to withdraw and filed a

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the district court erred in holding that some of Teague's prior felony convictions were violent felonies for ACC purposes.

After careful de novo review, <u>see</u> <u>United States v. Livingston</u>, 442 F.3d 1082, 1083 (8th Cir. 2006), we conclude the district court did not err in sentencing Teague as an ACC based on his two prior burglary convictions and his prior robbery conviction. <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 599 (1990) (person has been convicted of burglary for purposes of § 924(e) enhancement if convicted of any crime having basic elements of unlawful entry into a building with intent to commit crime); <u>United States v. Bell</u>, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (based on unobjected-to facts in PSR, district court correctly held that appellant's prior commercial-burglary conviction was for crime of violence under Guidelines); <u>United States v. Johnson</u>, 411 F.3d 928, 931-32 (8th Cir. 2005) (robbery is crime of violence under Guidelines); <u>see also</u> <u>United States v. Williams</u>, 537 F.3d 969, 971 (8th Cir. 2008) (this court has never recognized difference between "crime of violence" and "violent felony"). Therefore, we need not address the treatment of Teague's other convictions.

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also grant defense counsel's motion to withdraw.

_____