# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2669

———————

United States of America,

          Appellee,

v.

Manuel Murueta-Espinosa,

          Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

———————

Submitted: January 13, 2009
Filed: April 20, 2009

———————

Before MURPHY and SMITH, Circuit Judges, and KAYS,[1] District Judge.

———————

PER CURIAM.

Manuel Murueta-Espinosa challenges his 24-month prison sentence imposed by the district court after he pleaded guilty to one count of being an illegal alien who returned to the United States without proper consent following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). On appeal, Murueta-Espinosa argues that the district court erred in classifying his prior conviction under Iowa Code § 714.7, "Operating Vehicle Without Owner's Consent," as a "crime of violence" under U.S.S.G. § 2L1.2.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri, sitting by designation.

## I.

On appeal, we review the sentence to ensure that the district court did not commit a significant procedural error such as miscalculating the Guidelines range. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We review a district court's interpretation and application of the Guidelines de novo. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

In *United States v. Lindquist*, we expressly held that a prior Iowa conviction for operating a vehicle without the owner's consent constituted a "crime of violence" for purposes of § 2K2.1(a). 421 F.3d 751, 753–55 (8th Cir. 2005). Subsequently, the Supreme Court issued its decision in *Begay v. United States*, holding that to be considered a "violent felony" under the Armed Career Criminal Act, the crime must be similar in kind to the example crimes listed in the statute. 128 S. Ct. 1581, 1583, 1585–86 (2008). In *United States v. Williams*, we held that, in light of *Begay*, the Missouri offense of auto theft without consent should no longer be considered a crime of violence under § 2K2.1. 537 F.3d 969, 975–76 (8th Cir. 2008).

Here, Iowa's statute for operating a vehicle without the owner's consent is analogous to Missouri's auto theft without consent statute. *Compare* Iowa Code § 714.7 ("Any person who shall take possession or control of any . . . vehicle . . . without the consent of the owner of such, but without the intent to permanently deprive the owner thereof . . . .") *with* Mo. Rev. Stat. § 570.030 ("A person commits the crime of stealing if he or she appropriates property . . . of another with the purpose to deprive him or her thereof . . . without his or her consent . . . ."). Iowa's statute and the Missouri statute discussed in *Williams* are sufficiently similar such that the decision in *Williams* controls this case. Therefore, we hold that the Iowa offense of

operating a vehicle without the owner's consent is no longer a "crime of violence" for purposes of § 2L1.2.[2]

II.

Accordingly, we vacate Murueta-Espinosa's sentence and remand for resentencing in accordance with this opinion.

_____

---

[2]The distinction between "crime of violence" under § 2K2.1 and under § 2L1.2 is immaterial for purposes of this decision.