# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2666

_____

United States of America,          \*
                                 \*

        Appellant,       \*

                                 \*   Appeal from the United States
     v.                \*   District Court for the
                                 \*   Southern District of Iowa.

Samuel Melbern Steward, aka     \*
Sam Steward,                  \*      [PUBLISHED]
                                 \*

        Appellee.        \*

_____

Submitted: November 16, 2009
Filed: March 17, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

The government appeals the district court's[1] determination that Samuel Melbern Steward's prior Iowa conviction for operating a vehicle without the owner's consent (OVWOC) does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a). We affirm.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

## I. *Background*

Steward was indicted for and pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At the time of his conviction, Steward had two prior felonies: an OVWOC conviction, in violation of Iowa Code § 714.7, and a conviction for assault with intent to inflict serious injury, in violation of Iowa Code § 708.2(1).

At the time of Steward's sentencing hearing, this court's precedent held that OVWOC offenses were "crimes of violence" and "violent felonies" under U.S.S.G. § 4B1.2. *See, e.g.*, *United States v. Johnson*, 417 F.3d 990 (8th Cir. 2005); *United States v. Sprouse*, 394 F.3d 578 (8th Cir. 2005); *United States v. Sun Bear*, 307 F.3d 747 (8th Cir. 2002). At sentencing, the district court determined that Steward was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2 based on his convictions for OVWOC and assault with intent to inflict serious injury and calculated Steward's Guidelines range as 292 to 365 months' imprisonment.

Prior to sentencing, Steward had moved for a downward departure from the career offender guideline and a variance under 18 U.S.C. § 3553(a) from the Guidelines based on, inter alia, the disparate impact of the 100-to-1 crack-to-powder cocaine disparity and the disparity between his sentence and that of his "kingpin" coconspirator. The district court rejected the argument that an unwarranted disparity existed between Steward's sentence and his coconspirator, finding that the coconspirator's substantial assistance was "the reason for the dramatic differences in sentences." As for the remainder of Steward's arguments, the district court examined this court's precedent and concluded that such precedent justified only a "minor variance given the record that ha[d] been established by the defendant . . . specifically the nature and characteristics of the defendant referred to at page 15 of defendant's brief . . . ." Applying the "minor variance," the district court sentenced Steward to 260 months' imprisonment.

Steward appealed his sentence and, while his appeal was pending, the Supreme Court decided *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007). This court vacated Steward's sentence and remanded to the district court for resentencing in light of *Kimbrough* and *Gall*.

After this court's remand to the district court but *before* Steward's resentencing, the Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008), holding that the New Mexico felony offense of driving under the influence of alcohol is not a "violent felony" within the meaning of 18 U.S.C. § 924(e)(1). In light of *Begay*, Steward filed a sentencing memorandum prior to his resentencing, arguing that the *Begay* analysis controlled and that his OVWOC conviction no longer qualified as a career offender predicate offense.

At the resentencing hearing, the district court identified the "first issue" as whether the "advisory guideline applies in the case. To do that I have to determine the application of the Begay, B-E-G-A-Y, case and whether or not Mr. Steward is a career offender." The government agreed that this was the issue. The court ruled that "the *Begay* case makes the predicate offense [of OVWOC] inapplicable" based on its understanding of *Begay*, which was "[t]hat the Supreme Court has now a categorical approach to what's a violent felony for purposes of interpretation of the career offender." The district court then found that the appropriate Guidelines range was 168 to 210 months' imprisonment and sentenced Steward to 188 months' imprisonment. The district court did not discuss any further departure.

## II. *Discussion*

The government appeals, arguing that the district court (1) violated this court's mandate directing the district court to resentence Steward in light of *Kimbrough* and *Gall* when it considered *Begay* and (2) erred in determining that the OVWOC offense does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(a).

A. *Mandate*

The government argues that this court's mandate limited the district court's resentencing issues to the Supreme Court's decisions in *Gall* and *Kimbrough* and that the district court had no authority to go beyond the scope of the mandate in resentencing Steward when it considered *Begay*.

In response, Steward argues that the district court was required to apply *Begay*, as *Begay* was decided between the issuance of this court's mandate and his resentencing.

Although the government is correct that "[w]here a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration," *United States v. Walterman*, 408 F.3d 1084, 1085 (8th Cir. 2005), such a rule should not "apply when the earlier panel decision is cast into doubt by a decision of the Supreme Court." *United States v. Williams*, 537 F.3d 969, 975 (8th Cir. 2008) (explaining that the general rule that one panel should not overrule another panel does not apply when an intervening Supreme Court decision is handed down). Therefore, we hold that the district court correctly considered and applied intervening Supreme Court precedent.

B. *Crime of Violence*

The government also asserts that the OVWOC offense under Iowa law is a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a).

> In *United States v. Lindquist*, we expressly held that a prior Iowa conviction for operating a vehicle without the owner's consent constituted a "crime of violence" for purposes of § 2K2.1(a). 421 F.3d 751, 753–55 (8th Cir. 2005). Subsequently, the Supreme Court issued its decision in *Begay v. United States*, holding that to be considered a "violent felony" under the Armed Career Criminal Act, the crime must be similar in kind to the example crimes listed in the statute. __U.S.__,

-4-

128 S. Ct. 1581, 1583, 1585–86, 170 L. Ed.2d 490 (2008). In *United States v. Williams*, we held that, in light of *Begay*, the Missouri offense of auto theft without consent should no longer be considered a crime of violence under § 2K2.1. 537 F.3d 969, 975–76 (8th Cir. 2008).

*United States v. Murueta-Espinosa*, 325 F. App'x 468, 469 (8th Cir. 2009) (unpublished per curiam). We applied the rationale of *Williams* in *Mureta-Espinosa* in holding "that the Iowa offense of operating a vehicle without the owner's consent is no longer a 'crime of violence' for purposes of § 2L1.2." *Id*. at 470. We explained that

> Iowa's statute for operating a vehicle without the owner's consent is analogous to Missouri's auto theft without consent statute. *Compare* Iowa Code § 714.7 ("Any person who shall take possession or control of any . . . vehicle . . . without the consent of the owner of such, but without the intent to permanently deprive the owner thereof . . . .") *with* Mo. Rev. Stat. § 570.030 ("A person commits the crime of stealing if he or she appropriates property . . . of another with the purpose to deprive him or her thereof . . . without his or her consent . . . ."). Iowa's statute and the Missouri statute discussed in *Williams* are sufficiently similar such that the decision in *Williams* controls this case.

*Id*. at 469–70. We noted that "[t]he distinction between 'crime of violence' under § 2K2.1 and under § 2L1.2" was "immaterial" to our decision. *Id*. at 470 n.2.

*Williams* and *Mureta-Espinosa* are likewise controlling in the present case. Although *Williams* involved § 2K2.1 and *Mureta-Espinosa* involved § 2L1.2, not § 4B1.2(a), we explained in *Williams* that "[t]he commentary to both § 2K2.1 and § 4B1.1 refer to § 4B1.2(a), which provides a definition of a 'crime of violence' that is virtually identical to the definition of a 'violent felony' in the Armed Career Criminal Act." 537 F.3d at 971. Furthermore, we stated that "[i]n construing whether auto theft and auto tampering are crimes of violence, we look at what is commonly

referred to as the 'otherwise' clause of 18 U.S.C. § 924(e)(2)(B)(ii) or U.S.S.G. § 4B1.2(a)(2)." *Id.* at 972.

Therefore, we hold that the Iowa offense of OVWOC is not a "crime of violence" for purposes of § 4B1.2(a).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____