BYE, Circuit Judge,
concurring.
I concur in the opinion of the Court, but I write separately as to Part II.B. While I recognize that in this case the district cohrt’s alternative sentence made any guideline error harmless, in the future I encourage this Court, sitting en banc, to revisit its holding in United States v. Walker, 771 F.3d 449 (8th Cir.2014), which I believe is inconsistent with our Court’s interpretation of United States Sentencing Guideline § 2K2.1(b)(6)(B).
In firearms possession cases, Ü.S.S.G. § 2K2.1(b)(6)(B) directs a district court to increase the defendant’s offense level by four levels if the defendant used or possessed the firearm in connection with “another felony offense.” Application Note 14(C), however, carves out a small exception. It defines “another felony offense” to include all federal, state, or local felonies “other than the explosive or firearms possession or trafficking offense.” Thus, this four-level enhancement will apply when a felon in possession commits “another felony” by using the firearm to rob a bank, but not when the “other felony” is merely the state law crime of being a felon in possession of a firearm.
If read too broadly, the “other felony” enhancement risks impermissibly increasing the defendant’s sentence for the same conduct for which the defendant was convicted, as we explained in United States v. English, 329 F.3d 615 (8th Cir.2003). . English was convicted of being a felon in possession of a firearm and he received a four-level enhancement because he had used the firearm to steal six other firearms. Id. at 617. We rejected English’s argument that his possession of the stolen firearms could not serve as a basis for a *716 four-level “other felony” enhancement, because the other felony was a theft offense, not “a firearms-possession offense,” and nothing about the theft offense necessarily had anything to do with firearms. Id. at 618-19. However, we expressed our “concern that it would be unreasonable, and hence presumably contrary to the Commission’s intent, to allow the ‘additional felony’ to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense.” Id. at 618.
Two years later, this concern materialized. In United States v. Lindquist, Lind-quist pled guilty to being a felon in possession of a firearm, and the district court increased Lindquist’s offense level by four when it found Lindquist committed “another felony” under Iowa law by acquiring ownership of a handgun without a valid annual permit to acquire handguns. 421 F.3d 751, 753 (8th Cir.2005), abrogated on other grounds as recognized in United States v. Steward, 598 F.3d 960, 962-63 (8th Cir.2010). We rejected the district court’s application of the “other felony” enhancement because Lindquist’s violation of Iowa law involved “essentially the same conduct as his conviction for being a felon in possession of a firearm.” Id. at 756. Since the base offense level for Lindquist’s conviction for being a felon in possession of a firearm “essentially accounted for” the same conduct for which Lindquist received the four-level “other felony” enhancement, applying the enhancement would imper-missibly double count the same conduct. Id. at 756-57.
After we decided English and Lind-quist, the United States Sentencing Commission narrowed the firearms possession exception to the “other felony” enhancement. Previously, the exception excluded from the four-level “other felony” increase other “explosives or firearms possession or trafficking offenses,” U.S.S.G. § 2K2.2 cmt. n. 18 (2003), whereas today it excepts only “the explosive or firearms possession or trafficking offense,” U.S.S.G. § 2K2.1 cmt. n. 14(C) (2014) (emphasis added).
In United States v. Jackson, we reasoned that this amendment narrowed the scope of the firearms possession exception — it now excludes “only the underlying firearms possession offense of conviction from the definition of ‘another felony offense’ ” — but we also reaffirmed that the double counting concerns we expressed in English and Lindquist survived the 2011 amendment. 633 F.3d 703, 706-07 (8th Cir.2011). Thus, if a defendant is “doomed to automatically commit” the other felony when he commits the offense of conviction (being a felon in possession of a firearm) the “other felony” enhancement does not apply because it would impermissibly double count the same conduct. Id. We found the “other felony” enhancement in Jackson valid because Jackson’s “other felony” was the unlawful use of a weapon (by firing multiple shots into the air) and therefore he was not “doomed to automatically commit” the other felony merely by committing the offense of being a felon in possession of a firearm. Id. (distinguishing Lindquist on this basis).
Finally, in Walker we found no impermissible double counting when a defendant convicted of being a felon in possession of a firearm received a four-level “other felony” enhancement for violating Iowa Code § 724.4(1). 771 F.3d at 452-53. Iowa Code § 724.4(1) provides:
[A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a ve- *717 hide a pistol or revolver, commits an aggravated misdemeanor.
We reasoned in Walker that using this statute to enhance a defendant’s sentence does not impermissibly double count the same conduct, because in addition to possessing the firearm (the conduct of conviction), the felon also has to either (1) conceal it, (2) load it and carry it in a city, or (3) knowingly transport it in a vehicle. Walker, 771 F.3d at 453. Without this additional conduct, the felon in possession of a firearm would not violate Iowa Code § 724.4(1), and therefore the defendant is not “doomed to automatically” violate this statute merely by being a felon in possession of a firearm. Id. at 452.
I find this reasoning unconvincing in this case because I believe Dontay Sanford was all but guaranteed to violate Iowa Code § 724.4(1) merely by being a felon in possession of a firearm. Sanford is a resident of a city in Iowa. Therefore, the second he stepped outside his residence with a loaded firearm, he triggered the four-level “other felony” enhancement by violating Iowa Code § 724.4(1) because he was in possession of a loaded firearm in a city. If Sanford had stepped outside his residence with the firearm unloaded, he could have complied with the statute and avoided the enhancement — but only if he had the audacity to carry the firearm in the open. Otherwise, he would have been going armed with a dangerous weapon concealed,[3] again violating Iowa Code § 724.4(1) and triggering the four-level “other felony” enhancement. For all practical purposes, once Sanford committed the crime of being a felon in possession of a firearm he was all but “doomed” to violate Iowa Code § 724.4(1) merely because he lived in a city in Iowa. Because Sanford’s violation of 18 U.S.C. § 922(g)(1) consisted of “essentially the same conduct” (possessing a firearm as a felon) as his violation of Iowa Code § 724.4(1) (possessing a loaded firearm in Waterloo), I do not believe that under U.S.S.G. § 2K2.1(b)(6)(B) Sanford’s violation of Iowa law should be considered “another felony.” Lindquist, 421 F.3d at 756. It is the same felony.
I also believe this enhancement imper-missibly double counts the same conduct. “[DJouble counting occurs when one part of the Guidelines is applied to increase a defendant’s punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.” Jackson, 633 F.3d at 707. Double counting is permissible if the “Sentencing Commission so intended and each guideline section furthers an independent purpose of sentencing.” Id. at 708.
The sentencing purpose the “other felony” enhancement furthers is to increase the punishment when the defendant uses the firearm to engage in another felony offense, U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(A), such as when the defendant uses a firearm to burglarize a building, United States v. Vega, 720 F.3d 1002, 1004 (8th Cir.2013), deal drugs, United States v. Sneed, 742 F.3d 341, 344 (8th Cir.2014), steal valuable possessions, United States v. Chapman, 614 F.3d 810, 812 (8th Cir.2010), or engage in a shooting, United States v. Battle, 774 F.3d 504, 516 (8th Cir.2014). In fact, even in Walker, the defendant used the firearm to engage in additional felonious conduct when he used the firearm in a shooting.[4] 771 F.3d at 453 *718 (“Walker ‘used ... [the] firearm ... in connection with another felony offense’ when he was involved in the shooting at 1405 Idaho Street.”) (alterations in original).
Sanford’s “other felony,” by contrast, lacks the additional felonious conduct that warrants greater punishment. The “other felony” Sanford committed was being a felon in possession of a loaded firearm in a city, or being a felon in possession of a concealed firearm. But since the base offense level already accounted for Sanford’s possession of the firearm, the additional punishment he received came merely from his presence in a city with the loaded firearm or his concealment of the firearm. Increasing Sanford’s guideline range by two-and-a-half-years because he was present in a city rather than in the country — or because he concealed the firearm under the passenger seat rather than carrying it in the open — does not further the purpose of the “other felony” enhancement, and I find it hard to believe the Sentencing Commission would have intended such a result either. Therefore, this enhancement im-permissibly double counts the same conduct.
To the extent Walker held a violation of Iowa Code § 724.4(1) is “another felony” under U.S.S.G. § 2K2.1(b)(6)(B), I believe this categorical statement is overly broad, as the facts of this case illustrate. I therefore encourage this Court, sitting en banc, to revisit its holding in Walker.

. Iowa law defines a pistol or revolver as a "dangerous weapon” as a matter of law, even if it is unloaded. State v. Ashland, 259 Iowa 728, 145 N.W.2d 910, 911 (1966).

. I believe Walker should be distinguished on these facts, but I recognize we are bound by its express holding that " § 724.4(1) does not fall within the narrow Note 14(C) exclusion *718 for ‘the ... firearms possession ... offense’ (emphasis added), and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) does not implicate the 'double counting' concerns underlying our decision in Lindquist, 421 F.3d at 756.” Walker, 771 F.3d at 453 (alterations in original).