# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1534
_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Allen Ford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: November 19, 2021
Filed: January 31, 2022
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jermaine Ford was found unconscious in his car after crashing into the entrance of a convenience store in Davenport, Iowa. After officers removed him from the front seat, they found cash, cocaine, a gun, and two digital scales in the car. A few months after the accident, Ford also sold about a gram of cocaine to an undercover officer in a controlled buy.

Ford pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and to distributing cocaine, 21 U.S.C. § 841. Ford's presentence report set his base offense level at 22, but recommended a four-level enhancement for possessing a gun in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B). The other felony was Iowa Code § 724.4 (2018) (amended 2021),[1] which provided that

> [A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.[2]

The district court[3] sentenced Ford to two concurrent terms of 95 months in prison.

Ford appeals that sentencing enhancement. Because he did not object at sentencing, we review for plain error. See United States v. Parrow, 844 F.3d 801, 802 (8th Cir. 2016) (per curiam).

Ford argues that because his same conduct violated both 18 U.S.C. § 922(g) (being a felon in possession of a firearm) and Iowa Code § 724.4 (carrying a weapon), the district court's four-level enhancement was "double counting." In United States v. English, 329 F.3d 615, 618 (8th Cir. 2003), we noted that "it would

---

[1]The Government argues that the sentencing transcript is ambiguous about what Ford's other felony actually was, but it contends that Ford committed numerous other felonies, any one of which would be sufficient to affirm his conviction. We assume, without deciding, that Ford's other felony was Iowa Code § 724.4.

[2]Despite being labeled a misdemeanor, a violation of § 724.4 counts as a felony for Guideline purposes. See United States v. Walker, 771 F.3d 449, 451 (8th Cir. 2014).

[3] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

be unreasonable, and hence presumably contrary to the [Sentencing] Commission's intent, to allow the 'additional felony' [under U.S.S.G. § 2K2.1] to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense." Essentially, if someone must commit a second felony to commit the felony they are being charged under, U.S.S.G. § 2K2.1(b)(6)(B) does not apply.

But Iowa Code § 724.4 does not raise these double counting concerns. In United States v. Walker, we noted that "Iowa Code § 724.4(1), unlike 18 U.S.C. § 922(g), requires proof that the defendant went armed 'with a dangerous weapon *concealed on or about the person*,' or went armed with a handgun '*within the limits of any city*,' or '*knowingly* carrie[d] or transport[ed] [a handgun] *in a vehicle*.'" 771 F.3d 449, 453 (8th Cir. 2014) (alterations in original). Because these are distinct requirements not necessary to violate § 922(g), "applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6)" to Ford "does not implicate the 'double counting' concerns underlying our decision in [United States v. Lindquist, 421 F.3d 751 (8th Cir. 2005)]." Id.

Ford argues that his appeal is distinguishable from Walker because of the statute's changed language. In April 2021, Iowa significantly amended § 724.4. The new statutory text provides that "[a] person who goes armed with a dangerous weapon on or about the person, and who uses the dangerous weapon in the commission of a crime, commits an aggravated misdemeanor, except as provided in section 708.8." Ford argues that this new language violates the rule against double counting. But as we noted in United States v. Merrett, 8 F.4th 743, 747 n.1 (8th Cir. 2021), "[w]e need not address in this case how the new statutory language affects Walker . . . because the relevant statutory text for determining whether an offense is 'another felony offense' is the text in effect when the defendant committed the conduct." Because the amended language of § 724.4 does not apply to Ford, we have no opportunity to consider whether it violates our double counting doctrine.

The district court's application of a four-level enhancement under § 2K2.1(b)(6) does not implicate double counting concerns. Accordingly, we affirm.

_____