# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3218NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Northern District |
| | * | Iowa. |
| William English, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 12, 2003
Filed:  May 23, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


William English was convicted on his plea of guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the District Court assessed a two-level increase because the Ruger pistol Mr. English was charged with possessing was stolen, and another two-level increase because the defendant possessed between three and seven firearms. U.S.S.G. §§ 2K2.1(b)(4), (b)(1)(A). There was no objection to these enhancements. There was an objection, however, to another enhancement imposed by the sentencing court — four levels for possessing a firearm in connection with another felony offense,

U.S.S.G. § 2K2.1(b)(5).  A sentence of 110 months (9 years and two months) in prison was imposed.  Mr. English appeals, claiming that it was error to assess the four-level enhancement under (b)(5).

The facts relevant to this appeal are brief and simple.  Iowa police searched the defendant's home under a warrant and found a Ruger pistol in one of his tool boxes. The defendant was a felon, so it was illegal for him to possess the pistol.  The police had been led to the defendant by information from one James Hiller.  Mr. Hiller had told the police that the defendant had sold him six firearms.  All of these guns were recovered by the police, and all of them had been stolen from their original owners.

The Guideline at issue, U.S.S.G. § 2K2.1(b)(5), provides, in pertinent part:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels.

The "other felony offense," according to the government, was the sale of the guns, the deal between Messrs. English and Hiller.  The defendant objected on the ground that this offense was "trafficking," and therefore excluded from subsection (b)(5) by Application Note 18.  This Note, U.S.S.G. § 2K2.1 cmt. n.18, provides in pertinent part as follows:

> As used in subsection[ ] (b)(5) . . . "another felony offense" . . . refer[s] to offenses other than explosives or firearms possession or trafficking offenses.

According to the position taken by the government in the District Court, the word "trafficking" in this Note is limited to trafficking in drugs, and does not include trafficking in firearms.  The District Court accepted this argument.

Before this Court, the government concedes that the position it took below was erroneous, and we agree. The relevant phrase in Note 18 is "explosives or firearms possession or trafficking offenses." "Explosives" and "firearms" are nouns used as adjectives to modify the phrase "possession . . . offenses." To read these modifiers as not also applying to "trafficking offenses" is strained and unnatural. Whatever else "trafficking" may mean, it has to refer, as the word is used in Note 18, at least to trafficking in explosives and firearms, where that trafficking constitutes a criminal offense, as it does here under 18 U.S.C. § 922(j). Accordingly, we cannot uphold the (b)(5) four-level enhancement on the ground adopted by the District Court.

The government argues that the enhancement was nevertheless proper, and it is true, as the government asserts, that we can affirm the District Court's judgment on grounds supported by the record, even if those grounds were rejected by the trial court, as they were here. See Taylor v. United States, 204 F.3d 828, 829 (8th Cir. 2000).

The government's other argument is that Mr. English committed a felony under Iowa law by possessing stolen property with a value over $1000; his possession of a firearm (the Ruger) in connection with that felony (possessing stolen property) would warrant an enhancement of his underlying sentence for being a felon in possession of a firearm. (It was stipulated that the guns defendant possessed were worth about $1,600.)

The question upon which this appeal turns, then, is whether Mr. English's additional felony, possession of stolen property, is considered firearms possession within the meaning of Application Note 18, which, as we have already explained, excludes offenses for explosives or firearms possession or trafficking from being used as additional felonies to justify a four-level enhancement under (b)(5). See United States v. Kenney, 283 F.3d 934, 937 (8th Cir. 2002). If it is, then the Guidelines expressly prohibit Mr. English's possession-of-stolen-property violation from being

-3-

used as the additional felony that warrants an additional four-level enhancement. This Court has not directly addressed what constitutes a firearms-possession offense for purposes of this comment to the Sentencing Guidelines. Essentially, there are two meanings the comment could have. The first would understand it to refer to offenses that have, as an element, possession of a firearm. The second would have the comment refer to offenses in which the underlying conduct involved firearms possession. We consider the former interpretation more compelling than the latter because it is more faithful to the plain language of the comment.

The most compelling justification for our conclusion is the text of the comment — it applies to "firearms possession . . . offenses." U.S.S.G. § 2K2.1 cmt. n.18; see Perrin v. United States, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). However, Mr. English is accused of committing a theft offense. He is accused of having "exercise[d] control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen . . .." Iowa Code § 714.1(4). There is nothing about the theft offense that necessarily has anything to do with firearms. It is true that, in a broad sense, Mr. English committed a firearms-possession offense, but this reasoning makes virtually any offense in which a gun is used a firearms-possession offense, and we have already rejected such a broad interpretation of the comment at issue in Kenney.

In that case, the defendant broke into a house to steal several guns, and the question was raised whether the Commission intended to allow "double counting." While addressing that question, a panel of this Court said, "Application Note 18 specifically excludes only three types of offenses . . .." Kenney, 283 F.3d at 937 (emphasis added). The Kenney Court read the comment narrowly, and we are bound to do the same absent some compelling difference that distinguishes these two cases. The main difference in these prosecutions is the nature of the additional felonies.

Kenney involved a robbery, and the current case involves possession of stolen property. It is argued that a felon with stolen guns will always be guilty of possessing stolen property. See United States v. Szakacs, 212 F.3d 344, 352 (7th Cir. 2000) ("Because nearly every federal weapons offense could be simultaneously charged as a state crime, allowing the state crime to count as 'another felony offense' renders that term superfluous . . .."). We share our sister Circuit's concern that it would be unreasonable, and hence presumably contrary to the Commission's intent, to allow the "additional felony" to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense. However, we believe this argument fails in the present case because the Iowa felony has a value element, and thus a felon with a stolen gun will not necessarily violate the Iowa statute. A felon with a lot of stolen guns will not necessarily violate the Iowa statute. Only a felon with stolen guns of a certain value needs to be concerned with receiving the (b)(5) enhancement. We hold that a firearms offense is necessarily an offense which contains, as an element, the presence of a firearm. The Iowa statute lacks this element and so is not among the list of excluded offenses that cannot serve as an additional felony for the purposes of a (b)(5) enhancement.

The defendant also argues that to allow the imposition of both subsections (b)(4) and (b)(5) would result in double counting — enhancing his sentence twice for the same conduct. See United States v. Rohwedder, 243 F.3d 423, 426-27 (8th Cir. 2001) (noting that double counting occurs when one part of the Guidelines punishes the defendant for a harm that is fully accounted for in another part of the Guidelines). In our view, these two enhancements are conceptually distinct. Subsection (b)(4) is directed at stolen firearms. There is no requirement that the firearms be of any particular value, or that the defendant know they had been stolen. Subsection (b)(5), on the other hand, in the context of the present case, in which the other "felony offense" claimed by the government is a violation of the Iowa theft statute, requires additional elements in addition to the fact that the firearms have been stolen. They must be of a certain value, and the defendant must know that they have been stolen,

-5-

or have reasonable cause to believe that they have been stolen. See Iowa Code § 714.1(4). In addition, we believe the very purpose of Application Note 18 is to define those instances in which the Commission believed that impermissible double counting would occur. As we have attempted to explain, a violation of Iowa Code § 714.1(4) is not a "firearms possession . . . offense[ ]" within the meaning of Note 18, because the gist of the crime is the knowing possession of property of a certain value, whether or not that property happens to be a gun.

Accordingly, we hold that Application Note 18, in referring to "trafficking," refers to explosives and gun trafficking, but that, in the circumstances of the present case, the other offense suggested by the government, possession of stolen property in violation of Iowa law, is not excluded by that Note. We also hold that application of subsections (b)(4) and (b)(5) in this case is not impermissible double counting. These holdings, however, are not sufficient, considered alone, to justify an affirmance of this sentence. Issues of fact remain. Did Mr. English know or have reason to believe that the firearms were stolen? The record presently before us is not sufficient to answer this question. Accordingly, there must be a remand, for a hearing at which the District Court will make a finding on these questions of fact. The Court should allow both parties a chance to introduce additional evidence. The burden of proof will be upon the government to show by a preponderance of the evidence the "know or should have known" element of the Iowa crime.

The judgment of the District Court is vacated, and this case is remanded to that Court for further proceedings consistent with this opinion.

It is so ordered.

A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.