# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1946

_____

United States of America,        *
                                   *

          Appellee,     *

                                   *      Appeal from the United States
    v.                       *      District Court for the Western
                                   *      District of Missouri.

Tommie E. Jackson,         *

                                   *          [PUBLISHED]
          Appellant.    *

_____

Submitted: November 17, 2010
Filed: January 28, 2011

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

HANSEN, Circuit Judge.

Tommie E. Jackson pleaded guilty to unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Jackson to 110 months' imprisonment. Jackson appeals his sentence, arguing that the district court erroneously applied a specific offense characteristic, found in § 2K2.1 of the United States Sentencing Commission Guidelines Manual (USSG or Guidelines), for possession of a firearm in connection with another felony

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

offense. The district court correctly interpreted and applied the specific offense characteristic, and so we affirm.

## I.

In April 2008, Jackson confronted two men who were in an automobile parked on the side of a residential street in Springfield, Missouri. When Jackson pulled up and parked his vehicle facing their vehicle, the two men thought they had parked in Jackson's space and so they backed their vehicle away from Jackson's vehicle. At that point, Jackson exited his vehicle carrying a handgun and began shouting at the two men, causing them to flee the area in their vehicle. After the two men drove past Jackson, he fired several shots from his handgun. The two men could not identify Jackson's intended target.

Shortly thereafter, and while responding to witness reports of gunshots, police observed a speeding vehicle run a stop sign. Police detained the vehicle and questioned its driver, Mr. Jackson. After conflicting stories from Jackson and a positive witness identification of Jackson as the shooter, law enforcement extensively searched Jackson's vehicle and discovered a handgun in the engine compartment. The handgun was of the same caliber as five spent shell casings found at the scene of the shooting. Confronted with this evidence, Jackson admitted to officers that he fired the shots into the air but denied he fired at the two men or their automobile.

Jackson was arrested and eventually indicted for violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. Jackson pleaded guilty, and the presentence investigation report (PSR) recommended application of USSG § 2K2.1(b)(6), requiring a four-offense-level increase because Jackson possessed or used the firearm in connection with the Missouri crime of unlawful use of a weapon. Jackson objected to certain facts contained in the PSR, as well as application of § 2K2.1(b)(6), but ultimately acknowledged that if called at a sentencing hearing,

multiple witnesses would testify to the facts detailed above. Jackson also agreed that if called at sentencing he would testify that he fired the shots into the air to express his anger at God.

At sentencing, the district court found that Jackson possessed the handgun in connection with the Missouri offense of unlawful use of a weapon. The district court applied the challenged specific offense characteristic, raising Jackson's total offense level by four levels. With an applicable criminal history category of V, Jackson's advisory guidelines sentencing range was 100 to 120 months' imprisonment. The district court sentenced Jackson to 110 months' imprisonment. Jackson appeals the sentence.

## II.

We review *de novo* the district court's interpretation and application of the Guidelines. United States v. Betts, 509 F.3d 441, 445 (8th Cir. 2007). We review the district court's factual findings for clear error. Id.

## III.

USSG § 2K2.1 guides district courts when sentencing for firearms convictions. In this case, the district court applied § 2K2.1(b)(6) which "directs the court to increase the defendant's offense level by four if he 'used or possessed any firearm or ammunition in connection with another felony offense.'" United States v. Chapman, 614 F.3d 810, 812 (8th Cir.) (quoting USSG § 2K2.1(b)(6)), cert. denied, 131 S. Ct. 543 (2010). The commentary applicable to § 2K2.1(b)(6) defines "another felony offense "to mean "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1(b)(6) comment. (n.14(C)).

The district court found that Jackson committed the Missouri offense of unlawful use of a weapon in connection with the underlying federal offense of conviction, possession of a firearm by a felon. Missouri law states that "[a] person commits the crime of unlawful use of weapons if he or she knowingly . . . [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1. The offense is a class D felony, id. § 571.030.7, which is punishable by up to four years' imprisonment, id. § 559.011.1. Jackson does not argue on appeal that the district court erred in finding that he committed the Missouri felony offense.[2]

Instead, Jackson argues that his conduct does not support the district court's application of the specific offense characteristic found in USSG § 2K2.1(b)(6). In support of this general position, Jackson essentially makes two distinct legal arguments. First, he argues that the Missouri offense of unlawful use of a weapon is excluded from § 2K2.1(b)(6) by the Guideline's commentary defining "another felony offense." Second, Jackson argues that even if the commentary does not exclude the Missouri offense, the district court's application of § 2K2.1(b)(6) in the particular circumstances of this case would punish him twice for a single course of criminal conduct. Seeing no merit in either argument, we affirm.

---

[2]Although the district court did not make an explicit finding that Jackson violated Missouri Revised Statute § 571.030.1, it did overrule Jackson's objection to application of USSG § 2K2.1 by stating "as to the objection—as to whether or not this fact situation is consistent with the—the felony offense—Missouri felony offense of unlawful use of a weapon or exhibiting in a[n] angry or threatening manner, I'm going to overrule your objection in that regard." (Sent. Tr. at 11.) A factual finding that Jackson committed the Missouri offense was implied.

As to Jackson's first argument, which raises an issue of interpretation of the Guidelines, we start with the proposition that the plain language of § 2K2.1(b)(6) casts a broad net. If the defendant used or possessed a firearm in connection with another felony, his offense level must be increased. Application note 14(C) narrows the scope only slightly, by defining "another felony offense" to exclude "the explosive or firearms possession or trafficking offense." Importantly, application note 14(C) does not exclude "any," "an," or "a" firearms possession offense. The word "the" is a definite article commonly employed to refer to something specific. See United States v. I.L., 614 F.3d 817, 821 (8th Cir. 2010). The phrase "the . . . firearms possession . . . offense" in application note 14(C) most plainly refers to the underlying offense of conviction—in Jackson's case, possession of a firearm by a felon. Thus, the plain language of application note 14(C) excludes only the underlying firearms possession offense of conviction from the definition of "another felony offense."

In this case, the district court relied on the Missouri state offense of unlawful use of a weapon, which is clearly not the same offense as the underlying federal offense of conviction. The district court did not err in interpreting the Guidelines not to exclude the Missouri unlawful use of a weapon offense.

In support of his argument that application note 14(C) excludes the Missouri offense of unlawful use of a weapon from the definition of "another felony offense," Jackson relies on United States v. English, 329 F.3d 615 (8th Cir. 2003), and United States v. Lindquist, 421 F.3d 751 (8th Cir. 2005), cert. denied, 550 U.S. 905 (2007), abrogated on other grounds as recognized in United States v. Steward, 598 F.3d 960, 962-63 (8th Cir. 2010), both of which considered the specific offense characteristic for possessing or using a firearm in connection with another felony. The Government argues that English and Lindquist are not controlling because the applicable guidelines

commentary has been amended, narrowing the offenses that trigger the exclusion.[3] In response, Jackson argues that the amendment did not change the meaning of § 2K2.1(b)(6). Regardless of whether the amendment effected a change in the meaning of the Guidelines, English and Lindquist instruct that the district court did not err in this case.

English held that, even under the previous version, what is now application note 14(C) should be read narrowly. 329 F.3d at 618. In that case, we refused to read the definition of "another felony offense" to exclude all offenses in which the underlying conduct merely *involved* firearms possession. Id. at 617. At the same time, we recognized that "it would be unreasonable, and hence presumably contrary to the Commission's intent, to allow the 'additional felony' to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense." Id. at 618. We held that to be excluded under the predecessor to application note 14(C) the additional felony must be "an offense which contains, as an element, the presence of a firearm." Id.

The additional felony in English was the Iowa offense of possession of stolen property valuing over $1000. Id. at 617. We recognized "[t]hat there is nothing about [that] theft offense that necessarily has anything to do with firearms." Id. at 618 (citing Iowa Code § 714.1(4)). That the offense lacked as a requisite element the presence of a firearm led inexorably to the conclusion that the theft offense was "not among the list of excluded offenses that cannot serve as an additional felony for the purposes of" what is now the § 2K2.1(b)(6) specific offense characteristic. Id. at 618. We affirmed the district court's application of the same specific offense characteristic at issue in this case. Id.

---

[3]Prior to the 2006 amendment, § 2K2.1(b)(6) was numbered § 2K2.1(b)(5) and the applicable commentary, application note 15, defined "another felony offense" to "refer to offenses other than explosives or firearms possession or trafficking offenses." See, e.g., USSG § 2K2.1(b)(5), & comment. (n.15) (2005).

Similarly, there is nothing about the Missouri unlawful use of a weapon offense that necessarily has anything to do with firearms. The Missouri statute is violated by exhibiting "any weapon readily capable of lethal use." Mo. Rev. Stat. § 571.030.1(4). Numerous weapons qualify as readily capable of lethal use. Thus, English supports rather than undermines the district court's interpretation of § 2K2.1(b)(6). The underlying offense here does not "contain[], as an element, the presence of a firearm." See English, 329 F.3d at 618.

Jackson also cites Lindquist, where we reversed the district court's application of the specific offense characteristic found in § 2K2.1(b)(6). 412 F.3d at 752. After Lindquist pleaded guilty to being a felon in possession of a firearm, "the district court found that Lindquist possessed the firearm in connection with violating Iowa Code § 724.16, which prohibits acquiring ownership of a handgun without a valid annual permit to acquire handguns." Id. at 753. "As a person with a prior felony conviction, Lindquist was statutorily prohibited from legally acquiring ownership of the handgun." Id. at 756 (citing Iowa Code § 724.15(1)(b)). Thus, Lindquist could not have committed the underlying federal offense without also violating the state offense that the district court used to support the specific offense characteristic. For that reason, we relied on the principle expounded in English, that "'it would be unreasonable, and hence presumably contrary to the Commission's intent, to allow the 'additional felony' to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense,'" Lindquist, 421 F.3d at 756 (quoting English, 329 F.3d at 618), and we vacated Lindquist's sentence.

This case is distinguishable from Lindquist. Jackson was not doomed to automatically commit the additional felony when he violated 18 U.S.C. § 922(g) by possessing a firearm as a felon. Instead, additional affirmative conduct was required to violate Missouri Revised Statute § 571.030.1(4). Apart from possessing the firearm, Jackson had to exhibit it in an angry or threatening manner. Thus, Lindquist does not support Jackson's broad reading of the application note 14(C) exclusion.

In addition to his argument that the Missouri offense is categorically excluded by the text of the Guidelines, Jackson argues that application of § 2K2.1(b)(6) in the particular circumstances of this case amounted to impermissible double counting. We recently rejected an identical argument in Chapman, 614 F.3d at 812. In that case, "Chapman pled guilty to receipt of stolen firearms, unlawful possession of a firearm as a previously convicted felon, and unlawful possession of ammunition as a previously convicted felon." Id. at 810. As in English, the district court in Chapman applied USSG § 2K2.1(b)(6), again relying on the additional felony of theft of property exceeding $1000 in value. Id. at 811 (citing Iowa Code § 714.2(2)). "Chapman argue[d] that the calculation of the base offense level for Count 1, which alleged that he received stolen firearms, already accounted for the theft . . . , and that it was therefore error to count that theft again by applying the four-level enhancement under § 2K2.1(b)(6)." Id. at 812.

We noted that "double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Id. (marks and quotations omitted). We also pointed out that "double counting is permissible if the Sentencing Commission so intended and each guideline section furthers an independent purpose of sentencing." Id. Relying on English, we rejected Chapman's double-counting argument. We held that "[a] knowing recipient of stolen firearms in violation of § 922(j), like a felon in possession of stolen firearms, will not necessarily violate the Iowa felony theft statute, because the federal statute does not require value in excess of $1000." Chapman, 614 F.3d at 813 (citing English, 329 F.3d at 618).

In the same way, the Missouri unlawful use of a weapon offense found by the district court here is distinct from the underlying federal felon-in-possession offense. The Missouri offense requires exhibition of the firearm in an angry or threatening manner, which is not necessary to prove the underlying felon-in-possession offense;

the underlying offense requires proof that the accused is a previously convicted felon, which is not required by the Missouri offense. Thus, application of the specific offense characteristic found in USSG § 2K2.1(b)(6) increases Jackson's punishment on account of conduct not accounted for by the base offense level found in USSG § 2K2.1(a). Because the two parts of the Guidelines punish different aspects of Jackson's conduct, no impermissible double counting occurred.

IV.

Accordingly, the judgment of the district court is affirmed.

_____