# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2488

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Jarmar D. Moore, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 28, 2010
Filed: June 10, 2011

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jarmar D. Moore pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). In calculating the advisory Guidelines sentencing range, the district court[1] added a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing or using the firearm at issue "in connection with another felony offense." On appeal, Moore's counsel moved to withdraw, and in a brief filed under *Anders v. California*, 386 U.S. 738 (1967), argues that the district court erred

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

in overruling Moore's objection to the 4-level enhancement, and that Moore received ineffective assistance of counsel.

The district court did not err in applying the 4-level enhancement, because the court could have concluded, based on the facts before it, that Moore possessed the firearm in connection with another felony offense: violation of Mo. Rev. Stat. § 571.030, which prohibits the unlawful use of a weapon. *See United States v . Jenkins-Watts*, 574 F.3d 950, 960 (8th Cir. 2009) (standard of review); *U.S.S.G. § 2K2.1, comment 14(C)*. Contrary to Moore's argument, the contemporaneous brandishing of the firearm in violation of Mo. Rev. Stat § 571.030.1 supports the 4-level enhancement. *See United States v. Jackson*, 633 F.3d 703, 708 (8th Cir. 2011) Finally, the ineffective assistance claim is not properly raised in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006).

This court reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no nonfrivolous issues for appeal. The judgment of the district court is affirmed, and counsel's motion to withdraw is granted, subject to counsel informing Moore about procedures for seeking rehearing or filing a petition for certiorari.

_____