# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2557

_____

United States of America

*Plaintiff - Appellee*

v.

Juan L. Long

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 13, 2014
Filed: April 28, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On June 3, 2012, Juan L. Long crashed his automobile into another vehicle. Kansas City, Missouri police officers responded to the accident and discovered that Long was intoxicated. An officer arrested Long for driving while intoxicated and, while conducting a search incident to arrest, found a .25-caliber semiautomatic firearm in Long's pants pocket. Having been convicted previously of a felony for

domestic assault, Long pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Long to 30 months' imprisonment. Before sentencing, the Government objected to the presentence investigation report, contending that a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) should apply because of Long's contemporaneous unlawful use of a weapon in violation of Missouri law. The district court applied the enhancement, which Long now appeals. For the reasons set forth below, we affirm.

We review *de novo* the district court's interpretation and application of the sentencing guidelines. *United States v. Jackson*, 633 F.3d 703, 705 (8th Cir. 2011). Section 2K2.1(b)(6)(B) requires a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." *Id.* "Another felony offense" means "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* cmt. (n. 14(C)). "In connection with" means that the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* cmt. (n. 14(A)).

A person commits the Missouri offense of unlawful use of a weapon if he knowingly carries concealed upon or about his person a firearm without a permit or has a firearm readily capable of lethal use on his person while he is intoxicated. Mo. Rev. Stat. §§ 571.030.1(1) & (5), 571.030.4. The offense is a felony, *id.* § 571.030.8, and is punishable by up to four years' imprisonment, *id.* § 558.011.1(4). Long does not dispute the district court's conclusion that he violated this Missouri statute. Instead, he offers three legal arguments that his conduct does not support application of § 2K2.1(b)(6)(B). We reject them each in turn.

---

[1]The Honorable Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

First, Long argues that the Missouri offense of unlawful use of a weapon is not "another felony offense" within the meaning of § 2K2.1(b)(6)(B). He asserts that the exclusionary clause in application note 14(C)—*i.e.*, "other than the explosive or firearms possession or trafficking offense"—bars application of the enhancement to his Missouri offense. In other words, he contends that the enhancement does not apply because the Missouri felony also is a firearms possession offense. We rejected this argument in *Jackson*. "The phrase 'the . . . firearms possession . . . offense' in application note 14(C) most plainly refers to the underlying offense of conviction—in [this] case, possession of a firearm by a felon." *Id.* at 706 (first and second alterations in original). Therefore, we concluded that "the plain language of application note 14(C) excludes only the underlying firearms possession offense of conviction from the definition of 'another felony offense.'" *Id.* Because the Missouri offense is not Long's underlying offense of conviction, the enhancement properly applies to the Missouri offense.

Second, Long contends that application of § 2K2.1(b)(6)(B) constitutes impermissible double counting. We rejected this argument in *Jackson* as well. 633 F.3d at 708. "[D]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.* at 707 (quoting *United States v. Chapman*, 614 F.3d 810, 812 (8th Cir. 2010)). We concluded that because the "Missouri unlawful use of a weapon offense found by the district court here is distinct from the underlying federal felon-in-possession offense," Jackson's double-counting argument necessarily failed. So too does Long's argument. The Missouri offense requires a showing that Long carried a concealed firearm without a permit or that he carried a firearm while intoxicated. Long's underlying federal felon-in-possession offense requires neither concealment nor intoxication. Conversely, his federal offense requires that Long was a previously convicted felon, whereas the Missouri offense does not. Accordingly, while the Missouri and federal offenses are both firearm-possession offenses, they account for

different kinds of harm. The Missouri statute addresses the harms inherent in the concealed carrying of firearms by individuals without permits as well as the carrying of firearms by intoxicated individuals. Section 922(g)(1), by contrast, is concerned with the harms presented by a convicted felon possessing firearms and ammunition. As in *Jackson*, we conclude that application of § 2K2.1(b)(6)(B) "increases [Long's] punishment on account of conduct not accounted for by the base offense level found in § 2K2.1(a)." *Id.* at 708. Therefore, no impermissible double counting has occurred.

Finally, Long asserts that the district court should not have applied the enhancement because his possession of the firearm did not "facilitate" the Missouri offense so as to satisfy § 2K2.1(b)(6)(B)'s "in connection with" requirement. We disagree for two reasons. First, prior panels of this court have held that defendants violating § 922(g)(1) used or possessed a firearm "in connection with" a violation of § 571.030. *See Jackson*, 633 F.3d at 705-07; *United States v. Moore*, 424 F. App'x 585, 586 (8th Cir. 2011). Second, we observe that "facilitate" means to "promote, help forward (an action, result, etc.)." The New Shorter Oxford English Dictionary 903 (4th ed. 1993); *see also United States v. Marrufo*, 661 F.3d 1204, 1207 (10th Cir. 2011) ("The plain and commonly understood meaning of 'facilitate' is to make easier."); Black's Law Dictionary 627 (8th ed. 2004) (Facilitate: "To make the commission of a crime easier."). Of course, without possessing the firearm, it was impossible for Long to violate the Missouri statute, and therefore, it is axiomatic that Long's possession of the firearm facilitated—*i.e.*, promoted, helped forward, made easier—his violation of Missouri law. Accordingly, the district court did not err in concluding that Long possessed a firearm in connection with his violation of the Missouri statute.

For these reasons, we affirm Long's sentence.[2]

_____

_____

[2]Long does not challenge the substantive reasonableness of his sentence. Thus, we do not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n. 4 (8th Cir. 2008).