MELLOY, Circuit Judge,
concurring.
I concur because I conclude we are bound by United States v. Walker, 771 F.3d 449 (8th Cir.2014). I write separately, however, because I believe Walker improperly interpreted U.S.S.G. § 2K2.1(b)(6)(B) in holding that Iowa Code § 724.4(1) - qualified as “another felony offense.” Specifically, Walker failed to take into account the Sentencing Commission’s intent to avoid considering the same offense conduct twice in imposing the sentencing enhancement. See United States v. Jackson, 633 F.3d 703, 707-08 (8th Cir. 2011); U.S.S.G. 2K2.1(b)(6)(B) cmt. n. 14(C) • (applying the sentencing enhancement to any felony “other than the ... firearms possession ... offense” (emphasis added)).
In a recent case, Judge Bye wrote separately to address these, same concerns. United States v. Sanford, No. 15-1501, 813 F.3d 708, 714-17, 2016 WL 612070, at *5-8 (8th Cir. Feb. 16, 2016) (Bye, J., concurring) (per curiam). In that case, featuring *976 facts nearly identical to those here, Judge Bye concluded that, because 18 U.S.C. § 922(g)(1) and Iowa Code § 724.4(1) require essentially the same conduct, applying a sentencing enhancement, based on the Iowa offense constitutes impermissible double-counting. Id. 716-18, 2016 WL 612070, at *7-8; see also Jackson, 633 F.3d at 707; United States v. Lindquist, 421 F.3d 751, 756-57 (8th Cir.2005), abrogated on other grounds as recognized in United States v. Steward, 598 F.3d 960, 962-63 (8th Cir.2010) (per curiam).
Judge Bye’s arguments apply with equal force to this case. Boots’s act of possessing the firearm is inextricably entwined with his act of carrying or transporting it in a vehicle. Considering the language of Application Note 14(C), I believe the two offenses are not sufficiently separate offenses to trigger the § 2K2.1(b)(6)(B) sentencing enhancement for “another felony offense.” Accordingly, I urge the Court to reconsider its holding in Walker.