# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1277

_____

United States of America

*Plaintiff - Appellee*

v.

Jesse Jay Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 14, 2016
Filed: June 2, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jesse Jay Walker appeals from his conviction and sentence for being a felon
in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

challenges the district court's[1] imposition of a four-level increase under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. We affirm.

On February 1, 2014, an individual contacted Des Moines law enforcement officials complaining that Walker pointed a gun at him, screamed, and threatened to kill him. After locating Walker that same day, officers arrested him for a probation violation. During the arrest, officers found a loaded .22 caliber pistol on the front passenger seat of the car Walker was driving. Walker was charged with, and pleaded guilty to, being a felon in possession of a firearm.

At sentencing, Walker challenged whether he was subject to the suggested four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony. The district court, relying on United States v. Walker, 771 F.3d 449 (8th Cir. 2014), cert. denied, 135 S. Ct. 1538 (2015),[2] concluded Walker possessed the gun in connection with the Iowa offense of carrying weapons, Iowa Code § 724.4(1), and applied the four-level enhancement. The district court sentenced Walker to seventy-seven months' imprisonment, the low end of the Guidelines' range. The court also reviewed the 18 U.S.C. § 3553(a) factors, highlighted no less than ten of Walker's previous criminal charges and proceedings, and stated that even had the court not imposed the four-level increase seventy-seven months would still have been an appropriate sentence given "the aggravated form of the offense, [and] the criminal history involving lengthy history of assaultive and

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

[2]A presumably unrelated defendant that only shares Jesse's last name by happenstance.

other behavior." We review the district court's interpretation and application of the Guidelines de novo. United States v. Jackson, 633 F.3d 703, 705 (8th Cir. 2011).

On appeal, Walker renews his challenge to the imposition of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), and argues Walker does not control this case and was wrongly decided. His arguments are unavailing, however, given this circuit's determinations in Walker, and more recently United States v. Boots, 816 F.3d 971, 975 (8th Cir. 2016), where we held that when a defendant is convicted of being a felon in possession of a firearm in a manner that also violates Iowa Code § 724.4(1), he possesses the firearm in connection with another felony offense for purposes of the four-level enhancement in U.S.S.G. § 2K2.1(b)(6)(B). Walker, 771 F.3d at 452-53; Boots, 816 F.3d at 975. "It is a cardinal rule in [this] circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam). Accordingly, we affirm.

_____