# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1989

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Lamon Burnett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 15, 2019
Filed: June 14, 2019
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Appellant Bryan Burnett pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced Burnett to 84 months imprisonment. Burnett appeals, arguing that, in calculating the Sentencing Guidelines range, the district court erred in imposing a four-level offense-level enhancement pursuant to United States Sentencing Guidelines, Guidelines Manual § 2K2.1(b)(6)(B) for possession of the firearm in connection with another felony offense. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Burnett's conviction arises from his conduct following a car accident in Davenport, Iowa. Officers responded to a report of an accident and discovered a revolver in the nearby bushes. Burnett, the driver of one of the cars involved in the accident, later admitted to possessing the firearm. He was subsequently charged with and pled guilty to being a felon in possession of a firearm.

At sentencing, the district court increased the base offense level by four levels, pursuant to § 2K2.1(b)(6)(B). Under this section, "[i]f the defendant . . . used or possessed any firearm . . . in connection with another felony offense; or possessed or transferred any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense," the offense level increases four levels. The Guidelines define "another felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, comment. (n.14(C)). The district court concluded that Burnett's conduct in possessing the firearm also violated Iowa Code § 724.4(1), which provides, "a person who goes armed with a dangerous weapon concealed on or about the person, or . . . any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor." The district court therefore determined that Burnett possessed the firearm "in connection with another felony offense" and applied the four-level enhancement.

"We review the district court's construction and application of the sentencing guidelines de novo, and we review its factual findings regarding enhancements for clear error." United States v. Houston, 920 F.3d 1168, 1174 (8th Cir. 2019). Burnett asserts that the application of the enhancement was in error because the "other felony offense," carrying weapons in violation of Iowa Code § 724.4(1), was unavoidably based on the same conduct as the underlying felon-in-possession-of-a-firearm charge and constituted impermissible double counting. United States v. Chapman, 614 F.3d 810, 812 (8th Cir. 2010) ("Generally speaking, [d]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines[.]" (first alteration in original) (internal quotation marks omitted)). But, as Burnett acknowledges, in United States v. Walker, 771 F.3d 449 (8th Cir. 2014), we rejected the same argument that the § 2K2.1(b)(6)(B) enhancement could not apply where the other felony offense, carrying weapons under Iowa law, was based on the same conduct as the charged offense:

> [The defendant] was not doomed to automatically commit the additional felony when he violated 18 U.S.C. § 922(g) by possessing a firearm as a felon. Iowa Code § 724.4(1), unlike 18 U.S.C. § 922(g), requires proof that the defendant went armed "with a dangerous weapon *concealed on or about the person*," or went armed with a handgun "*within the limits of any city*," or "*knowingly* carrie[d] or transport[ed] [a handgun] *in a vehicle*." Thus, § 724.4(1) does not fall within the narrow Note 14(C) exclusion for "the . . . firearms possession . . . offense," and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) does not implicate the "double counting" concerns underlying our decision in [United States v.] Lindquist, 421 F.3d [751], 756 [(8th Cir. 2005)].

Id. at 452-53 (second through sixth alterations in original) (citations omitted).

We are bound by this decision of a prior panel of our Court.  See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).  Thus, we reject Burnett's argument that the district court erroneously applied the four-level enhancement.

Accordingly, we affirm.

GRASZ, Circuit Judge, concurring.

I concur in the court's opinion as this appeal is governed by *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014)*.*  I continue to believe *Walker* was wrongly decided for the reasons stated in my concurrence in *United States v. Stuckey*, 729 F. App'x 494, 495-96 (8th Cir. 2018) (unpublished), as the enhancement constitutes impermissible double-counting.

_____