# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2923

_____

United States of America,

*Plaintiff - Appellee,*

v.

Trevor Terrance Kunze,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 23, 2019
Filed: December 17, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Trevor Kunze pleaded guilty to one count of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district

court[1] varied downward from the advisory guideline range of 63 to 78 months' imprisonment, and sentenced Kunze to 50 months in prison. Kunze appeals, arguing that the district court committed procedural error by applying a four-level increase under the guidelines for possessing a firearm in connection with another felony offense. Under Kunze's calculation, the advisory guideline range would have been 41 to 51 months' imprisonment. We conclude that there was no error and therefore affirm.

In calculating Kunze's advisory guideline range, the district court applied a four-level increase under USSG § 2K2.1(b)(6)(B) on the ground that Kunze "possessed any firearm . . . in connection with another felony offense." The other felony offense was "carrying weapons" in violation of Iowa Code § 724.4. That provision proscribes going armed with a dangerous weapon concealed on or about the person, and going armed with a pistol or revolver or any loaded firearm, whether concealed or not, within the limits of any city. The offense is punishable by up to two years' imprisonment, *see* Iowa Code § 903.1(2), and thus qualifies as a felony within the meaning of the guideline. USSG § 2K2.1, comment. (n.1). Because police found Kunze carrying a loaded pistol concealed in his clothing while inside a liquor store in Davenport, Iowa, the court found that he possessed the firearm in connection with a violation of Iowa Code § 724.4.

Kunze complains that the increase under § 2K2.1(b)(6)(B) amounts to impermissible double counting because he was doomed automatically to commit the Iowa offense of carrying weapons by committing the federal felon-in-possession offense. This argument is foreclosed by *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014). *Walker* held that § 2K2.1(b)(6)(B) was applicable under comparable circumstances, because impermissible double counting precludes a guideline increase

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

only when the defendant could not have committed the underlying federal offense without also violating the state statute that the district court used to support the increase. *Id*. at 452-53; *see United States v. Jackson*, 633 F.3d 703, 707 (8th Cir. 2011). A defendant who possesses a firearm as a felon is not automatically doomed to violate the Iowa statute on carrying weapons, because the Iowa law requires proof that a defendant did more than merely possess a firearm. In view of *Walker*, the district court properly applied the four-level increase.

The judgment of the district court is affirmed.

_____