# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2680
_____

United States of America

*Plaintiff - Appellee*

v.

Sunni Askari Newell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: April 17, 2020
Filed: July 30, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Two police officers saw Sunni Newell's friend grasping what appeared to be a handgun on his waistband while engaged in an altercation with a third person outside a Waterloo, Iowa bar at 1:45 a.m. The officers approached the group. As they drew close, Newell pulled an object from his friend's waistband, put it in his own waistband, and headed to the bar. Believing Newell had retrieved a handgun, the officer followed.

When the officer reached him, Newell denied carrying a firearm but consented to a pat down search. The officer found a loaded pistol in Newell's left pant leg. Newell pleaded guilty to unlawfully possessing a firearm after a domestic violence conviction. See 18 U.S.C. § 922(g)(9).

At sentencing, over Newell's objection, the district court[1] imposed the four-level enhancement prescribed in USSG § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense; in this case, Newell went armed with a firearm within the limits of any city in violation of Iowa Code § 724.4(1). Newell acknowledged that this qualifies as "another felony offense" under United States v. Walker, 771 F.3d 449, 451-53 (8th Cir. 2014), cert. denied, 575 U.S. 906 (2015). He objected in order to seek further review of Walker and also urged the district court to disregard Walker as a matter of policy and vary downward from his advisory guidelines sentencing range of 41 to 51 months imprisonment. The district court declined to vary for that reason, adjusted the sentence downward for time Newell served in state prison, and sentenced him to 42 months imprisonment. Newell appeals, stating his intent to ask for en banc review of the Walker decision. As Walker is binding on our panel, we affirm. See United States v. Manning, 786 F.3d 684, 686 (8th Cir.), cert. denied, 136 S. Ct. 278 (2015).

Another felony offense is "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year." USSG § 2K2.1, comment. n.14(C). In United States v. Lindquist, we stated that "it would be unreasonable, and hence presumably contrary to the Commission's intent, to allow the 'additional felony' to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense." 421 F.3d 751, 756 (8th Cir. 2005) (cleaned up), cert. denied, 550 U.S. 905 (2007).

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Newell argues this principle should apply because, "although a defendant can violate 18 U.S.C. § 922(g)(1) or (g)(9) without violating Iowa Code § 724.4(1) . . . many defendants . . . will violate both statutes."

In United States v. Jackson, we held that the principle in Lindquist is limited to cases in which the defendant "could not have committed the underlying federal offense without also violating the state offense that the district court used to support the specific offense characteristic." 633 F.3d 703, 707 (8th Cir.), cert. denied, 563 U.S. 1027 (2011). Walker applied Jackson's interpretation of Application Note 14(C) in holding that Iowa Code § 724.4(1) triggered the USSG § 2K2.1(b)(6)(B) enhancement because the defendant was "not doomed to automatically" violate § 724.4(1) "when he violated 18 U.S.C. § 922(g) by possessing a firearm as a felon." 771 F.3d at 452-53 (quotation omitted). We have repeatedly applied Walker's interpretation of the § 2K2.1(b)(6)(B) enhancement and have thus far denied petitions for en banc review. See, e.g., United States v. Houston, 920 F.3d 1168, 1174 (8th Cir. 2019); United States v. Maldonado, 864 F.3d 893, 901-02 (8th Cir. 2017), cert. denied, 138 S. Ct. 702 (2018); United States v. Boots, 816 F.3d 971, 974-75 (8th Cir.), cert. denied, 137 S. Ct. 209 (2016).

In addition to being bound by Walker, we note that, contrary to Newell's assertions, the "essence" of his conduct was not simply possessing a firearm. His possession of the pistol was inextricably linked to interference in law enforcement activities -- grabbing the pistol from his friend's waistband before the police officers could investigate an increasingly dangerous situation, concealing the weapon, and fleeing the scene. As the district court noted in denying the requested downward variance, "when the defendant is interfering with law enforcement, in his possession of a firearm, this would be an inappropriate case" to vary downward.

The judgment of the district court is affirmed.

_____

-3-