# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1875
_____

United States of America

*Plaintiff - Appellee*

v.

Littleton William Clark

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 10, 2023
Filed: May 8, 2023
[Unpublished]
_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Littleton William Clark pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Court Judge for the Southern District of Iowa.

him to 110 months in prison, applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the gun in connection with another felony offense. Clark appeals the application of the enhancement. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On December 8, 2019, a police officer followed a car with a malfunctioning license plate lamp. The car pulled over. The officer activated the patrol lights. Clark exited the front passenger seat and fled. The officer noticed Clark holding his waist as he ran. The officer ordered him to stop. After a chase, officers apprehended him, finding his gun nearby. Clark argues the district court erred in finding his conduct violated the Iowa felony offense of interference with official acts. *See* Iowa Code § 719.1(1)(a), (f) (2019). This court reviews factual findings for clear error and application of the guidelines de novo. *United States v. Paul*, 932 F.3d 1163, 1164 (8th Cir. 2019).

## I.

Under Iowa law, interference with official acts occurs when a "person knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer." Iowa Code § 719.1(1)(a) (2019). Interference with official acts while "armed with a firearm" is a felony. Iowa Code § 719.1(1)(f) (2019).

The district court found that "the unobjected-to factual information contained in the presentence investigation report shows that the defendant ran away from a traffic stop" and "the officer had to pursue him on foot in order to secure him during the course of the traffic stop." It said:

> That undoubtedly obstructed and hindered the officer's ability to conduct the traffic stop. The fact that the defendant ran and was observed to appear to have a firearm as running is a huge safety risk for the officer. The—leaving the scene at all is a safety risk because then the officer has to have their attention diverted from being able to

conduct the safe traffic stop, and there's no question as a factual matter that the defendant's actions obstructed and hindered their ability to conduct a traffic stop. The officer had activated his lights. There's no suggestion that it wasn't clear that this was an officer who was, in fact, conducting a traffic stop, and so as a factual matter, it is clear that the defendant did commit the crime of interference with official acts while armed with a firearm.

The officer stopped Clark during the performance of an act within the scope of the officer's lawful duty. *See* Iowa Code § 321.388 (2019) (requiring illuminated plates). As part of the traffic stop, the officer had authority to detain all occupants of the vehicle, including Clark. *See Arizona v. Johnson*, 555 U.S. 323, 327 (2009) (holding that for "the duration of a traffic stop" a police officer seizes "everyone in the vehicle"). Clark admitted "he ran from officers because he possessed a firearm." Iowa courts have found similar conduct is interference with official acts. *See State v. Terry*, 2001 WL 427787, at *4 (Iowa Ct. App. Apr. 27, 2001) (unpublished) ("Terry's decision to disobey an officer's order and flee from the scene impeded the officer's duties."); *State v. Armstrong*, 2000 WL 204051, at *3 (Iowa Ct. App. Feb. 23, 2000) (unpublished) (holding that defendant's "flight and subsequent resistance" supported his conviction for interference with official acts). The district court did not clearly err in finding Clark violated Iowa Code § 719.1(1)(a), (f).

## II.

Clark contends the district court erred in applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies when a defendant possesses a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense" means "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C). Clark believes his conduct is excluded from "another felony offense" because the underlying offense, "absent the firearm possession offense" was not a felony.

-3-

This argument is precluded by this court's precedent. Section 2K2.1(b)(6) "casts a broad net," and "Application note 14(C) narrows the scope only slightly." *United States v. Jackson*, 633 F.3d 703, 705 (8th Cir. 2011). "[T]he plain language of application note 14(C) excludes only the underlying firearms possession offense of conviction from the definition of 'another felony offense.'" *Id.* at 706. Here, the enhancement was not based on Clark's underlying federal crime of possessing a firearm as a felon. Rather, it was based on his possessing a firearm while committing the Iowa felony offense of interfering with official acts. Clark was not "doomed to automatically commit" an "additional felony when he violated 18 U.S.C. § 922(g) by possessing a firearm as a felon." *Jackson*, 633 F.3d at 707. As in *Jackson*, Clark had to engage in some "additional affirmative conduct"—here, knowingly resisting or obstructing an officer in the performance of lawful duties—to commit the Iowa offense. *Id.* (distinguishing *United States v. Lindquist*, 421 F.3d 751 (8th Cir. 2005) upon which Clark relies).

Clark asserts that applying the enhancement is impermissible double counting. This argument is also precluded by precedent. *See United States v. Walker*, 771 F.3d 449, 451-53 (8th Cir. 2014) (affirming enhancement based on Iowa's use-of-a-dangerous-weapon statute because it has elements different than the federal firearms offense); *Jackson*, 633 F.3d at 707-08 (holding no impermissible double counting because the Missouri offense required "exhibition of the firearm in an angry or threatening manner," an element not necessary in "the underlying felon-in-possession offense"). The Iowa offense required Clark to resist or obstruct officers in their performance of lawful duties while armed. These elements were not necessary to prove the underlying federal firearms offense. *Compare* Iowa Code § 719.1(1)(a), (f), *with* 18 U.S.C. § 922(g)(1).

Clark tries to distinguish *Walker* and *Jackson*, arguing they "all involved underlying otherwise qualifying *felony* offenses, absent the element of a firearm possession." But that statement is inaccurate. The Iowa statute in *Walker* criminalized going "armed with a pistol or revolver, or any loaded firearm of any kind." *Walker*, 771 F.3d at 452, *quoting* Iowa Code § 724.4(1). That statute "is a

-4-

firearm offense." *Id.* But it still qualifies as "another felony offense" for purposes of the enhancement because Walker could "have committed the underlying federal offense without also violating the state offense that the district court used to support the enhancement." *Id.* (cleaned up). The same is true here.

The district court did not err in applying the enhancement.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____